## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**BRENDA C. ARMSTEAD,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Case No: 5:12-CV-604-Oc-22PRL**

**BANK OF AMERICA**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

On October 26, 2012, Plaintiff filed her Complaint against Bank of America alleging that she was denied access to a closed bank account and subject to humiliation by bank employees. Plaintiff did not, however, pay the filing fee or request leave to proceed *in forma pauperis*. The Court reviewed Plaintiff's Complaint and determined that it did not have subject matter jurisdiction and entered an Order striking Plaintiff's Complaint. (Doc. 2). The Court noted specific deficiencies in the Complaint and directed Plaintiff to file an amended complaint by November 16, 2012. (Doc. 2). On November 9, 2012, Plaintiff filed a response to the Court's Order, but failed to file an amended complaint or appropriately establish subject matter jurisdiction. (Doc. 4). The Court provided Plaintiff a second opportunity to file an amended complaint and gave Plaintiff until December 6, 2012, to do so. To date, Plaintiff has not filed an amended complaint and her time for doing so has passed. Accordingly, for the reasons discussed below it is respectfully recommended that Plaintiff's case be **DISMISSED without prejudice**.

Federal courts are courts of limited jurisdiction, and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

1277, 1279-80 (11th Cir. 2001).[2]  Plaintiff, in error, alleges that this Court has jurisdiction because "money crosses state lines." (Doc. 1 at 10).  Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  An action "arises under" federal law where a federal question appears on the face of a plaintiff's "well-pleaded complaint." *See Franchise Tax Bd. of Cal. V. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983).  Here, Plaintiff's allegations that she was denied access to a closed bank account and subject to humiliation do not provide a basis for federal question jurisdiction.

Federal courts also have diversity jurisdiction, which exist "where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)).  Here, although Plaintiff specifically complains about events that occurred at a Bank of America located in Orlando, Florida, it is unclear whether Plaintiff intends to sue that local branch or otherwise.  Notably in Plaintiff's response (Doc. 4), she represents that Bank of America's main office is not in Florida.  However, Plaintiff does not clarify who she intends to sue.  As such, these allegations do not sufficiently establish Defendant's citizenship for purposes of diversity jurisdiction.  Moreover, even if Plaintiff properly established Defendant's citizenship, Plaintiff has made no claim as to a specific amount in controversy and has alleged no monetary loss.

"'[T]he burden to establish the existence of federal subject matter jurisdiction rests with the party bringing the claim,' and the Federal Rules of Civil Procedure require that the plaintiff's complaint contain 'a short and plain statement of the grounds for the court's jurisdiction,'"

---

[2] "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading, Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997.)

Fed.R.Civ.P. 8(a)(1). *Fishbein v. Stewart County Hous. & Comm'n*, 4:08-CV-19, 2008 WL 4500056 (M.D. Ga. Sept. 30, 2008) (quoting *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n. 2 (11th Cir.2005) and Fed. R. Civ. P. 8(a)(1), respectively). Plaintiff's failure to assert a legal basis for her complaints renders her cause deficient and, as recommended, subject to dismissal without prejudice.

<u>Because of these deficiencies, on November 2, 2012, the Court directed Plaintiff to file an amended complaint on or before November 16, 2012 (Doc. 2) and provided a second opportunity for Plaintiff to file an amended complaint before December 6, 2012 (Doc. 8), which Plaintiff has failed to do.</u> Plaintiff was advised that her failure to file an amended complaint consistent with this Court's Orders would result in a recommendation that Plaintiff's case be dismissed without further notice. (*See* Docs. 2, 8). Although the docket reflects that the Clerk sent the Court's Orders to Plaintiff by mail, (as previously stated) Plaintiff has failed to appropriately respond and her time for doing so has passed. Consistent with its inherent power to achieve orderly and expeditious disposition of cases, a federal court can act *sua sponte* to dismiss an action based on a plaintiff's failure to prosecute[3] or her failure to comply with a court order.[4]

Accordingly, Plaintiff's case should be dismissed because she has failed to state a cause of action, failed to prosecute this action, and failed to comply with the Court's Orders.

---

[3] *See In re Mroz*, 65 F.3d 1567, 1575 n.9 (11th Cir. 1995) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). In *Chambers*, the United States Supreme Court discussed a federal court's inherent power to control proceedings and acknowledged that "[i]t has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" *Chambers*, 501 U.S. at 43 (quoting *United States v. Hudson*, 11 U.S. (7 Cranch) 32 (1812)); *see also Clark v. James*, 794 F.2d 595, 597 (11th Cir. 1986) (dismissing of civil action for want of prosecution); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (same).

[4] *See Jones v. Graham*, 709 F.2d 1457, 1462 (11th Cir. 1983) (failing to comply with court order and local rules and clear record of delay demonstrating lack of prosecution warranted dismissal with prejudice); *see also Boron v. W. Tex. Exports, Inc.*, 680 F. Supp. 1532 (S.D. Fla. 1988).

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's case be **DISMISSED without prejudice**, and the **Clerk be directed** to close the file.

**IN CHAMBERS** in Ocala, Florida on December 12, 2012.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

*Pro Se* Plaintiff
Counsel of Record